IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN LUIS RASCON,

       Petitioner,

vs.                                                  NO. 07cv679 MV/WDS

TIMOTHY HATCH, Warden and
GARY K. KING, Attorney General of
the State of New Mexico,

       Respondents

### MAGISTRATE JUDGE'S PROPOSED
### FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Juan Luis Rascon. Rascon is acting *pro se*. Respondents filed a response in opposition to the Petition. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition should be denied. The court makes the following findings and recommended disposition.

### CLAIMS

Rascon seeks relief on the following grounds:

1. He was denied his Sixth Amendment right to a speedy trial.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. His plea of no contest was unlawfully induced.

3. The trial court judge should have recused himself because he had previously presided over an abuse and neglect proceeding that had resulted in the termination of Petitioner's parental rights.

4. His sentence of seven years was unjust and an abuse of discretion.

5. Ineffective assistance of counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 4, 2005 Petitioner was convicted of aggravated battery pursuant to a plea agreement. Petitioner was sentenced to a term of three years imprisonment followed by a two year parole term. This sentence was enhanced by four years under New Mexico's habitual criminal statute, for a total of seven years imprisonment. Petitioner took a direct appeal on several grounds, and the final order from the New Mexico Supreme Court concluding direct appeal was entered on January 23, 2006.

Petitioner filed a state petition for writ of habeas corpus on July 17, 2006. The state petition was denied on August 1, 2006. No certiorari petition was filed with the state Supreme Court. The instant petition, filed July 16, 2007, followed.

## STANDARD OF REVIEW

Since Petitioner is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies. Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996.

(AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. §2244(d)(1). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A). §2244 also contains a provision that establishes a tolling period under certain circumstances. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted toward any period of limitation under this subsection." Petitioner entered into his plea agreement on April 4, 2005. He pursued his direct appeal at the state level through the final order concluding direct appeal on January 23, 2006. Petitioner could have filed a motion for rehearing within 15 days of January 23, 2006, or February 7, 2006. Accordingly, the one year period in which Petitioner could file the instant petition for habeas corpus began on February 8, 2006.

A total of 159 days elapsed before Petitioner filed his state habeas petition on July 17, 2006. The filing of the state petition tolled the running of the one year limitations period pursuant to

§2244(d)(2). Petitioner's state habeas petition was denied on August 1, 2006, and pursuant to Rule 12-501 NMRA he had thirty days, until August 31, 2006 to file a petition for certiorari with the New Mexico Supreme Court, which he did not do. A total of 318 days elapsed from September 1, 2006 to the filing of the instant petition on July 16, 2007. Allowing for the tolling period during the pendency of Petitioner's state habeas petition, the time period between the conclusion of Petitioner's direct appeal and the filing of his state habeas petition was 477[2] days. Accordingly, the instant Petition is barred, since the one-year statute of limitations period expired 112 days before the Petition was filed. In light of the fact that the pleading is time barred, the Court declines to address the merits of the Petition.

## RECOMMENDED DISPOSITION

The Court recommends that Juan Luis Rascon's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, filed July 16, 2008, be DISMISSED with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**

---

[2]Respondent's calculation of the days elapsed is different than that of the Court. It appears that Respondent calculated thirty days from August 1, 2006 to be October 1, 2006. Respondent also subtracted 365 from 443 and came up with a difference of 168 instead of 78. This conflict in the numbers notwithstanding, Petitioner's petition was filed well outside the one year statute of limitations.